_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-02001-FWS-JDE                                  Date: October 26, 2023
Title: Michael B. Arouh *et al.* v. GAN Limited *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

   The Complaint in this action was filed on October 24, 2023, alleging jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. ("Compl.").) However, it appears the court may lack subject matter jurisdiction because the Complaint does not adequately allege diversity of citizenship between all parties. (*See id.*)

   Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A natural person's state citizenship is determined by their state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02001-FWS-JDE                              Date: October 26, 2023
Title: Michael B. Arouh *et al.* v. GAN Limited *et al.*

    The Complaint in this case names as parties, among others, Plaintiff Michael B. Arouh ("Arouh"), Plaintiff Arouh Law, PLLC ("Arouh Law") and Defendant GAN Limited ("GAN Limited"). (Compl.) The Complaint does not adequately allege the citizenships of these parties. Arouh Law is a professional limited liability company, (*id.* ¶ 8), but the neither the identities nor the citizenships of its members are alleged, *see Johnson*, 437 F.3d at 899; *Carden*, 494 U.S. at 195-96. GAN Limited is a "publicly traded" entity, (Compl. ¶ 9), but the court is unable to assess its citizenship for diversity purposes because its entity form is not clearly alleged, *see Johnson*, 437 F.3d at 898 ("In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."). The Complaint states Arouh was employed by an entity with its headquarters in California, (Compl. ¶ 7), but his state citizenship is not clearly alleged, *see Kanter*, 265 F.3d at 857.

    The Complaint therefore inadequately establishes this court's subject matter jurisdiction over the matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted); *see also Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations omitted). Accordingly, the court **ORDERS** Defendants to show cause in writing no later than **November 3, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by the above date will result in the court dismissing this action without prejudice as to an action filed in state court. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    **IT IS SO ORDERED.**

_____