_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL JS-6

| | |
|---|---|
| Case No. 8:23-cv-02001-FWS-JDE | Date: January 24, 2024 |
| Title: Michael B. Arouh *et al.* v. GAN Limited *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) RENEWED ORDER TO SHOW CAUSE RE: DISMISSAL CASE FOR LACK OF SUBJECT MATTER JURISIDCTION AND ORDER *SUA SPONTE* CONTINUING HEARING ON MOTION TO DISMISS OR COMPEL [23]**

This action was filed in this court on October 24, 2023. (Dkt. 1.) Due to deficiencies in the initial Complaint's allegations of the citizenships of certain parties to this case, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990), the court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt. 12). Plaintiffs filed the First Amended Complaint on October 30, 2023, (Dkt. 13), but it appears at least some of those deficiencies persist.

As the court previously noted, "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Plaintiffs in this case allege

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL JS-6**

Case No. 8:23-cv-02001-FWS-JDE                                    Date: January 24, 2024
Title: Michael B. Arouh *et al.* v. GAN Limited *et al.*

only claims under state law, (*see generally* Dkt. 13), and so it appears the Complaint intends to invoke this court's diversity jurisdiction, *see* 28 U.S.C. § 1332.

     Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").  If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged.  *Carden*, 494 U.S. at 195-96; *Johnson*, 437 F.3d at 899.  If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return.  *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

     As noted, the court previously observed the Complaint did not sufficiently allege the citizenships of certain parties in this action.  (*See* Dkt. 12 at 2.)  The operative First Amended Complaint, like the initial Complaint, names Plaintiff Arouh Law, PLLC ("Arouh Law") as a party.  Arouh Law is a professional limited liability company, (*id.* ¶ 8), but the neither the identities nor the citizenships of its members appear to be alleged in the First Amended Complaint.  *See Johnson*, 437 F.3d at 899; *Carden*, 494 U.S. at 195-96.  Accordingly, it appears the First Amended Complaint does not adequately allege the court's subject matter jurisdiction over this matter.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL JS-6**

| | |
|---|---|
| Case No. 8:23-cv-02001-FWS-JDE | Date: January 24, 2024 |
| Title: Michael B. Arouh *et al.* v. GAN Limited *et al.* | |

Therefore, the court **ORDERS** Plaintiffs[1] to show cause, in writing, why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction **on or before February 7, 2024**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If the court receives no response to this Order on or before the deadline set by the court, the court will dismiss this action without prejudice as to any action filed in state court. *See id.*; *see also* Fed. R. Civ. P. 41(b). In light of this Order, the court *sua sponte* **CONTINUES** Defendants' noticed Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration (Dkt. 23) from February 8, 2024, at 10:00 a.m., in Courtroom 10D, to **February 15, 2024, at 10:00 a.m., in Courtroom 10D**.

**IT IS SO ORDERED.**

---

[1] Because Plaintiffs bear the burden to establish the court's subject matter jurisdiction in this action, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court's order in this instance is directed at Plaintiffs. The court notes Defendants may, but are not required, to file a response.