UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-2001-FWS-JDE Date: December 22, 2025
Title: Michael B. Arouh *et al.* v. GAN Limited *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Rolls Royce Paschal
Deputy Clerk

N/A
Court Reporter

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY [65]**

Before the court is Stephen M. Garcia and David M. Medby's (together, "Counsel") request to withdraw as counsel for Plaintiffs Michael B. Arouh ("Arouh") and Arouh Law, PLLC. (Dkt. 65 ("Motion" or "Mot.").) Arouh opposes the Motion. (Dkt. 67 ("Opposition" or "Opp.").) Counsel filed a reply in support of the Motion. (Dkt. 68 ("Reply").) Arouh filed a further ex parte opposition to the Motion. (Dkt. 73.) The court held a hearing on this matter on December 18, 2025. (Dkt. 77.)

Attorney withdrawals are governed by the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law. The Local Rules explain that (1) withdrawal is only permitted "by leave of court," (2) counsel must make a written motion and give "written notice . . . reasonably in advance to the client and all other parties who have appeared in the action," and (3) the motion "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. The California Rules of Professional Conduct additionally require attorneys seeking to withdraw from representation to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including giving the client adequate time to retain alternative counsel. Cal. R. of Prof'l Conduct R. 1.16(d). And "[c]ourts often weigh four factors in determining whether to grant or deny" a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-2001-FWS-JDE Date: December 22, 2025
Title: Michael B. Arouh *et al.* v. GAN Limited *et al.*

The court finds that Counsel have met the procedural requirements to withdraw. Counsel sought leave of court by this written Motion; gave reasonable advance notice to Defendants and Plaintiffs; and took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiffs' rights. *See* C.D. Cal. L.R. 83-2.3.2; Cal. R. of Prof'l Conduct R. 1.16(d); (*see* Mot. at ECF 5-6 of 7).

The court further finds that Counsel have demonstrated good cause to withdraw. The California Rules of Professional Conduct allow an attorney to withdraw from representation when the client: (1) "renders it unreasonably difficult for the lawyer to carry out the representation effectively," or (2) "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof'l Conduct R. 1.16(b)(4), (5). Counsel maintain that Rule 1.16(a) of the California Rules of Professional Conduct mandates withdrawal. (Reply at 2.) That rule reads:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
> (4) the client discharges the lawyer.

(Cal. R. Prof'l Conduct 1.16(a).) In this case, Counsel do not elaborate on the basis for their withdrawal at the risk of divulging attorney-client privileged information. (Mot. at ECF 5 of 7.)

The court credits Counsel's professional judgment. *See Ridge Wallet LLC v. Mosaic Brands, Inc.*, 2025 WL 2684032, at *2 (C.D. Cal. Aug. 1, 2025) ("The Court credits Counsel's representations and concludes that all of the above-referenced grounds for withdrawal stated in Cal. Rule Prof. Conduct 1.16(b) are present in this case."); *Mendoza v. Allstate Indem. Co.*, 2019 WL 13201889, at *1 (E.D. Wash. Aug. 7, 2019) ("The Court accepts Mr. Tapper's representation that professional considerations mandate he withdraw as counsel and finds this establishes good cause for withdrawal."). Arouh requests that the court conduct an *in camera* review of certain documents which Arouh represents would demonstrate that there is no good cause to withdraw. (Dkt. 73 at 46-58.) Based on the record, including the Motion, Plaintiff's two extensive oppositions to the Motion, and the statements and arguments made by both sides at the hearing on this matter, the court finds Counsel has adequately demonstrated good cause to withdraw. (Dkts. 67, 73, 77.)

With respect to the second factor, *Nedbank*, 2008 WL 4814706, at *1, the court determines that Counsel can withdraw without prejudicing any party given that this case is stayed pending arbitration. (Dkt. 56.) Additionally, the court finds the fact that this case is stayed demonstrates that withdrawal will have limited impact on the two remaining factors, namely, the administration of justice and the resolution of the case. *Nedbank*, 2008 WL 4814706, at *1.

Accordingly, based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion. Counsel shall serve a copy of this Order on Plaintiffs by mail, e-mail, or any other practical means of service calculated to give actual notice of the withdrawal, and then file a proof of service within five court days of the filing of this Order. After filing the proof of service, Counsel will be deemed withdrawn as counsel of record. The docket shall reflect the withdrawal.

The court notes that Arouh Law, PLLC must appear in federal court through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court); *Osgood v. Main Streat Mktg., LLC*, 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) (explaining that an LLC may not proceed without counsel). At this time, the court will not set a deadline for Arouh Law, PLLC to retain new counsel because the case is stayed, although the court urges Arouh Law, PLLC to make a plan for what counsel will

represent it if the stay is lifted. If the stay in this case is lifted, the court will set a deadline for Arouh Law, PLLC to retain new counsel.